IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV65-03-MU

| | |
|---|---|
| RANDY LEE HAMMITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES PROBATION OFFICE; ) | |
| D. MARK HALL; JAMES KENT ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition filed on January 22, 2007 pursuant to 28 U.S.C. § 2241 (Document No. 1. ) The Petition was initially filed on November 2, 2006 in the Fourth Circuit Court of Appeals. However, by Order dated January 22, 2007 the Fourth Circuit declined to exercise its authority to entertain Petitioner's Petition and transferred the instant Petition to this Court for plenary consideration.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2002 the United States Bankruptcy Court filed a Certification of Contempt and an Order recommending Withdrawal of Reference. The bankruptcy court's Recommendation revealed that Mr. Hammitt was held in civil contempt for failing to respond to the court's subpoenas duces tecum served on September 12, 2002 and again on September 25, 2002. The subpoenas required Mr. Hammitt to produce documents substantiating his claim that he provided consideration in exchange for Debtor's deeds of trust. Mr. Hammitt returned copies of the subpoenas with the stamped notation "Refused for Fraud."

1

On January 7, 2003, after reviewing the bankruptcy court's Certification and Recommendation, this Court withdrew reference to the pending contempt proceeding from the bankruptcy court in accordance with 28 U.S.C. § 157(d). On February 19, 2004, the Court received a letter advising of Mr. Hammitt's continued failure to comply with the bankruptcy court's orders.

On February 25, 2004 this Court issued an Order setting a hearing for March 25, 2004 and directed Mr. Hammitt to appear and show cause why he should not be held in criminal contempt pursuant to Rule 42 of the Federal Rules of Criminal Procedure. Mr. Hammitt failed to appear and the Court re-set the show cause hearing to April 27, 2007. Again, Mr. Hammitt failed to appear. As a result of Mr. Hammitt's repeated and willful disregard for the Order of this Court, the Court issued a bench warrant as to Mr. Hammitt,

On May 17, 2004 this Court notified Mr. Hammitt that a criminal contempt hearing would be held pursuant to Federal Rule of Criminal Procedure 42 to address his repeated and willful disregard for the orders of this Court. The criminal contempt trial was scheduled for May 27, 2004. Mr. Hammitt represented himself at the trial despite the Court's offer to appoint counsel. Mr. Hammitt had opportunity to cross-examine witnesses testifying against him and was given the opportunity to have witnesses testify on his behalf. At the close of the evidence, the Court found Mr. Hammitt guilty of criminal contempt and, after numerous delays, sentenced Mr. Hammitt on October 25, 2006 to one year probation with six months home detention. Petitioner made several oral motions for a directed verdict which were orally denied. (See Docket sheet entries dated May 27, 2004.) Petitioner then filed a Motion to Vacate which this Court construed as a Motion for Judgment of Acquittal and denied such motion by Order dated June 15, 2004 (Document No. 12.)

Petitioner filed a notice of appeal in the Fourth Circuit Court of Appeals of this Court's Order

for criminal contempt and on December 20, 2004 the Fourth Circuit found no reversible error and affirmed this Court's decision. (Document No. 16.)

Mr. Hammitt filed the instant Petition pursuant to 28 U.S.C. § 2241 asking for relief from "custody" based on a judgment of conviction on May 25, 2004 and a sentence imposed on October 25, 2006 for criminal contempt without subject matter jurisdiction over him.

## II. ANALYSIS

Habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Section 2241(c) requires a petitioner to be "in custody" meaning that a § 2241 petitioner must be incarcerated at the time his petition is filed. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Though continued custody is normally a requirement for habeas corpus jurisdiction, there are exceptions to this rule. Steele v. Blackman, 236 F.3d 130, 134 n. 4. (3d. Cir. 2001). The Supreme Court has had an opportunity to review the "in custody" language of 28 U.S.C. § 2241 and held that jurisdiction was proper where habeas petitioner filed for habeas relief while still incarcerated, even though he was released from custody prior to the adjudication of his petition. Carafas v. LaVallee, 391 U.S. 234 (1968). Since Carafas, courts have construed the "in custody" requirement on 28 U.S.C. § 2241 to include situations in which petitioners were in custody at the time they filed their petitions, but were released prior to the court ruling of their petition. See Chong v. INS, 264 F.3d 378, 382 (3d Cir. 2001) (construed "in custody" broadly to find federal

jurisdiction over the habeas petition of an alien who was no longer in INS custody). See also <u>Steele v. Blackman</u>, 236 F.3d. 130, 134 n.4 (3d Cir. 2001); <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 349 (1973) (person released on bail, pending a custodial sentence was in custody).

In the instant case, Petitioner was not incarcerated at the time he filed the Petition, nor is he currently incarcerated. Therefore, Petitioner does not satisfy the "in custody" requirement of § 2241(c) and therefore this Court will dismiss the instant Petition for lack of jurisdiction.

To the extend that Fourth Circuit disagrees with this Court's analysis that it is without jurisdiction because the Petitioner is not "in custody" pursuant to 28 U.S.C. § 2241(c), this Court will briefly address the merits of Petitioner's claim. Petitioner argues that this Court was without jurisdiction over him when the Court sentenced him for criminal contempt because the March 26, 2004 Order was issued fifteen (15) months after the bankruptcy court's order of October 25, 2002. In support of his position, Petitioner cites 18 U.S.C. § 3285 for the proposition that "[n]o proceedings for criminal contempt within Section 402 of this Title shall be instituted against any person . . . unless begun within one year from the date of the act complained of."

First, Mr. Hammitt failed to raise the 18 U.S.C. § 3285 statute of limitations issue at trial, thereby waiving the defense. See <u>United States v. Williams</u>, 684 F.2d 296 (4th Cir. 1982) ("Statute of limitations . . . is an affirmative defense that may be waived"). Since Mr. Hammitt waived this defense at trial, he is barred from raising the issue in this proceeding.

Next, regarding the jurisdictional issue, the Court construes Petitioner's claim as an argument that the bankruptcy court in the underlying matter never had jurisdiction over him because the subpoena was incorrectly served. Petitioner has made this assertion before and this Court has explained that even if Mr. Hammitt were correct as to the underlying jurisdiction of the bankruptcy

4

court, the criminal contempt proceeding is an independent criminal action and dismissal of the underlying case has no bearing on the criminal charges. (Document No. 27, April 13, 2006 Order.) Indeed, Petitioner also raised this issue in the Fourth Circuit Court of Appeals in the form of an emergency stay of the proceedings. The Fourth Circuit also explained, by Order dated May 14, 2004, that the criminal contempt proceeding is a "separate and independent proceeding" and is "not a part of" the case in which the violated order was issued. Bray v. United States, 423 U.S. 73, 75 (1925). Therefore, this jurisdictional issue has no bearing on the criminal proceeding. Moreover, this issue has been decided by the Fourth Circuit and as such, Petitioner is not free to re-litigate claims which were already rejected on direct review. See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976).[1]

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Petition (Document No. 1) is Dismissed for lack of jurisdiction and alternatively, if jurisdiction is proper, Denied. To the that a Motion to Stay the Sentence Pending the Outcome of Habeas Action is also before the Court (Document No. 2), such motion is dismissed as moot.

---

[1] While the Court is aware that the cases cited are cases under 28 U.S.C. § 2255, the Court believes the same reasoning governs cases pursuant to 28 U.S.C. § 2241.

**SO ORDERED.**

Signed: February 14, 2007

Graham C. Mullen
United States District Judge